MEMORANDUM DECISION
Relator, Johnnie Alston, has filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order that denied his application for permanent total disability compensation, and to issue a new order granting such compensation.
This court referred the matter to a magistrate, pursuant to Civ.R. 53(C) and Section (M), Loc.R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. The magistrate decided the requested writ of mandamus should be denied. Relator has filed objections to the magistrate's decision. Relator contends that the staff hearing officer made several factual errors in her decision, that the vocational expert's conclusions required that he have personal contact with relator and that the commission's order fails to meet the requirements of State ex rel. Fultz v. Indus. Comm. (1994),69 Ohio St.3d 327.
Upon a review of the magistrate's decision and an independent review of the file, this court adopts the magistrate's decision as its own. The magistrate found that the staff hearing officer did make two factual errors in her decision, but found these errors did not have an impact on the validity of that decision. The staff hearing officer incorrectly noted that relator and his wife had driven to the hearing in Toledo from Mobile, Alabama, with only one stop in New York. An affidavit submitted by relator's attorney states that relator drove two hundred of the nine hundred miles to the hearing in Toledo, driving in shifts with his wife and that the trip took several days. Clearly, as the magistrate noted, one would not generally drive from Mobile, Alabama, to Toledo, Ohio, by way of New York; however, the staff hearing officer did not draw any conclusions from this statement, nor did she rely upon it in denying relator's request for permanent total disability compensation.
The second factual error by the staff hearing officer was to note that relator's job search was not conducted within the restrictions imposed by Dr. Fletcher. Dr. Fletcher examined relator subsequent to the time period for which he sought wage loss compensation. Nonetheless, Dr. Fletcher stated that relator was not able to drive a truck. Relator does not dispute that he only applied for driving positions, as the staff hearing officer found, and this factual misstatement does not affect the conclusion reached by the staff hearing officer.
Second, relator objects to the magistrate's decision by arguing that the vocational expert was required to have personal contact with relator in order to draw his conclusions. There is no requirement that a claimant be personally interviewed by a vocational expert before the vocational expert may render a report. The lack of such personal contact would go to the weight to be given to the report.
Last, relator argues that the order does not comply withFultz, in that it does not list all the evidence in the record. The commission's order states it was based on the reports of the physicians and vocational assessors identified in the body of the order. This refers to the report of Dr. Fletcher and Mr. Breslin. Since the order does not purport to list all the evidence in the record but only the evidence on which the commission relied, the order meets the requirements of Fultz.
Therefore, relator's objections to the magistrate's decision are overruled, and the requested writ of mandamus is denied.
PETREE, J., concurs.
TYACK, J., dissents.